UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA OCHOA, <br><br> Plaintiff, <br> v. <br><br> THE WOLF FIRM, et al., <br><br> Defendants. | Case No. 5:14-cv-04027-PSG <br><br> **ORDER GRANTING MOTIONS TO DISMISS** <br><br> **(Re: Docket Nos. 30, 31)** |

Defendants Federal National Mortgage Association and Suntrust Mortgage, Inc. move to dismiss Plaintiff Maria Ochoa's complaint. Although Ochoa filed her opposition more than three weeks late,[1] the court nevertheless considers it in light of her *pro se* status. Because Ochoa has failed to allege the tender required to pursue her claims, Defendants' motions are GRANTED without leave to amend.

**I.**

In late 2006, Ochoa took out a mortgage with Suntrust on her Salinas home in the amount of $350,000.[2] Several years later, Suntrust designated The Wolf Firm as trustee on the deed.[3] By April 2013, Ochoa was in default on the loan. A notice of default was recorded, thereby initiating

---

[1] *See* Civ. L.R. 7-3.

[2] *See* Docket No. 24 at ¶ 14.

[3] *See id.* at ¶¶ 16-17.

1

Case No. 5:14-cv-04027-PSG
ORDER GRANTING MOTIONS TO DISMISS

non-judicial foreclosure proceedings.[4] Due to Ochoa's failure to cure the default, a notice of trustee's sale was recorded four months later.[5] Before the sale, Suntrust assigned its interest in the loan to Fannie Mae, who took title to the property after the trustee's sale.[6]

Ochoa then brought this suit against Defendants in Monterey Superior Court.[7] After removal to this court and two opportunities to amend her complaint,[8] she is left with two causes of action: wrongful foreclosure in violation of Cal. Civ. Code § 2923.5 and slander of title.

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b). The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[9] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[10] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[11]

## III.

Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[12] If a plaintiff

---

[4] *See id.* at ¶¶ 21-23.

[5] *See id.* at ¶¶ 24-27.

[6] *See id.*

[7] *See* Docket No. 1.

[8] *See* Docket Nos. 16, 18, 24.

[9] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[10] *See id.*

[11] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[12] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2
Case No. 5:14-cv-04027-PSG
ORDER GRANTING MOTIONS TO DISMISS

fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[13]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  Against these standards, neither of Ochoa's claims pass muster.

A borrower in default on her payments, who nevertheless asks the court to stop or set aside foreclosure proceedings or who purports to assert claims based on defects or wrongful conduct associated with a foreclosure or foreclosure proceedings, must first personally "do equity" by tendering the undisputed amount due and owing.[15]  The tender rule applies to "any cause of action for irregularity in the sale procedure."[16]  "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."[17]  Absent any alleged and actual tender, a complaint fails to state a cause of action.[18]

Here, Ochoa failed to allege any intended or actual tender of the amount owed.[19]  Nor does she do so in her opposition.  Rather she first argues that she is not required to tender the entire debt—which flies in the face of the case law—and then shifts her position to one that challenges

---

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[15] *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 577 (1984); *see Meetz v. Mohr*, 141 Cal. 667, 673 (1904) ("[o]ne who seeks equity must do equity").

[16] *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996).

[17] *Alicea v. GE Money Bank*, Case No. 09-cv-00091, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009); *Montoya v. Countrywide Bank*, Case No. 09-cv-00641, 2009 WL 1813973, at *11-12 (N.D. Cal. Jun. 25, 2009) ("the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt").

[18] *See Karlsen v. Am. Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117-18 (1971); *see also U.S. Cold Storage v. Great W. Sav. & Loan Ass'n.*, 165 Cal. App. 3d 1214, 1225 (1985) ("It would be futile to set aside a foreclosure sale on the technical grounds that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property.").

[19] *See* Docket No. 24.

3
Case No. 5:14-cv-04027-PSG
ORDER GRANTING MOTIONS TO DISMISS

the validity of the underlying debt to avoid the requirement.[20] But Ochoa's complaint never challenges the underlying debt.[21] In fact, she admits that she accepted a loan in order to finance her house.[22] Nor can Ochoa avoid the tender rule because she purports to challenge the trustee's power to conduct the sale.[23] The documents submitted by Defendants show that the foreclosing trustee was substituted in as trustee of the deed of trust before conducting the sale.[24]

The tender rule applies to any claim implicitly integrated with the foreclosure sale.[25] Because both of Ochoa's claims—for wrongful foreclosure and slander of title—closely relate to the underlying foreclosure sale, they are both barred by the tender rule.

## IV.

Defendants' motions to dismiss are GRANTED. Because Ochoa has previously amended her complaint and the court finds that amendment would be futile,[26] leave to amend is DENIED.

---

[20] *Cf. Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89 (2011).

[21] *See* Docket No. 24.

[22] *See id.* at ¶ 14.

[23] *Cf. Dimock v. Emerald Props.*, 81 Cal. App. 4th 868 (2000).

[24] Defendants submitted a request for judicial notice of a deed of trust, corporate assignments thereof, a notice of default, a notice of trustee's sale and a trustee's deed upon sale. *See* Docket No. 32. Fed. R. Evid. 201(b) allows the court to take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The court also may take judicial notice of recorded documents. *See Fimbres v. Chapel Mortgage Corp*, Case No. 09-cv-00886, 2009 WL 4163332, at *3 (S.D. Cal. Nov. 20, 2009); *Maguca v. Auroroa Loan Servs.*, Case No. 09-cv-01086, 2009 WL 3467750, at *2 (C.D. Cal. Oct. 28, 2009); *Angulo v. Countrywide Home Loans, Inc.*, Case No. 09-cv-00877, 2009 WL 3427179, at *3 n.3 (E.D. Cal. Oct. 26, 2009); *Distor v. U.S. Bank NA*, Case No. 09-cv-02086, 2009 WL 3429700, at *2 (N.D. Cal. Oct. 22, 2009); *Hutson v. Am. Home Mortgage Servicing, Inc.*, Case No 09-cv-01951, 2009 WL 3353312, at *3-4 (N.D. Cal. Oct. 16, 2009). Because the documents at issue were all recorded by the County of Monterey, the request is GRANTED.

[25] *See Arnolds Mgmt. Corp.*, 158 Cal. App. 3d at 579.

[26] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

4
Case No. 5:14-cv-04027-PSG
ORDER GRANTING MOTIONS TO DISMISS

1 | **SO ORDERED.**
2 | Dated: May 20, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge